E-FILED
Thursday, 21 May, 2026 02:41:52 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

**ERICK JOHNSON,**

**Plaintiff,**

**v.**

**MOMENCE PACKING CO.,**

**Defendant.**

**Case No. 24-2031**

**ORDER**

On January 28, 2026, Defendant filed a Motion for Discovery Sanctions (#17). The Motion detailed Plaintiff's history of discovery failures. Notably, the Court granted Defendant's prior Motion to Compel due to Plaintiff's failure to participate in written discovery. After giving Plaintiff an opportunity to show cause, the Court ordered Plaintiff to pay $2,753 to Defendant for costs related to the Motion to Compel. Plaintiff failed to pay those costs by the February 26, 2026, deadline.

Defendant's Motion for Sanctions argued that Plaintiff failed to appear for a Status Conference on January 16, 2026, and failed to respond to Defendant's numerous attempts to schedule Plaintiff's deposition. Defendant eventually sent Plaintiff's counsel a notice of deposition, scheduling Plaintiff's deposition for January 27, 2026. Plaintiff did not respond to the notice.

The day before the scheduled deposition, Plaintiff's counsel emailed defense counsel stating that due to counsel's role in a federal jury trial, Plaintiff's deposition would need to be rescheduled. Defendant in turn filed the Motion for Discovery Sanctions.

The Court granted the Motion for Discovery Sanctions in part on March 11, 2026, stating:

> Momence Packing's Motion for Discovery Sanctions [17] is GRANTED in part. Momence's request for sanctions is denied at this time. The discovery

> deadline is extended to 4/10/26, solely for the purpose of taking Plaintiff's deposition. No other discovery is permitted. The dispositive motion deadline is extended to 4/27/26. Pursuant to Fed. R. Civ. P. 37(a)(5), the Court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. The Court orders Plaintiff to show cause why the Court should not award fees to Defendant for the filing of its Motion.

#20, Text Order, March 11, 2026.

On March 25, 2026, Plaintiff submitted his response to the Order to Show Cause. Plaintiff’s response states that counsel was engaged in a federal jury trial that unexpectedly continued longer than planned. The trial began on January 22, 2026, and was expected to last five days. The trial experienced complications, and on January 26, 2026, Plaintiff’s counsel realized he would be unable to produce Plaintiff for deposition on January 27, 2026. At that point, Plaintiff’s counsel notified defense counsel.

Plaintiff has demonstrated a pattern of failing to timely prosecute this case and comply with his discovery obligations. At the same time, the unplanned extension of the federal jury trial substantially justifies the late cancellation. While Plaintiff’s counsel’s notice was last minute, the particular circumstances here justify the late notice.

While the Court declines to award fees as a sanction relating to Plaintiff’s deposition, Plaintiff remains obligated to pay the prior awarded fees of $2,753. The Court also reminds Plaintiff of his continuing duty to diligently prosecute this case, comply with all Court deadlines and Orders, participate in discovery in good faith, attend all scheduled hearings and conferences, and maintain timely communication with opposing counsel regarding scheduling and discovery matters. Last-minute communications and repeated failures to respond unnecessarily burden both Defendant and the Court and will not be tolerated going forward. Plaintiff is cautioned that any further failure to comply with deadlines, appear for scheduled proceedings, respond to discovery communications, or otherwise participate in the litigation process may result in sanctions

under Rule 37, including monetary sanctions, evidentiary limitations, or dismissal of this action for failure to prosecute.

ENTERED this 21st day of May, 2026.

s/ERIC I. LONG
U.S. MAGISTRATE JUDGE